



TAM:JJB:kmm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
                Plaintiff,

v.

No. 1:CV-01-0230
(Rambo, J.)

CHAD E. FLYNN,

                Defendant.

FILED
SCRANTON

SEP 1 3 2002

PER _____
DEPUTY CLERK

D E C L A R A T I O N

J. Justin Blewitt, Jr., Assistant United States Attorney, sets forth as of the date the praecipe for writ of execution was filed in this action, the following information concerning the real property identified in the attached legal description:

1.    **NAME AND ADDRESS OF OWNER(S) OR REPUTED OWNERS(S):**

    CHAD E. FLYNN
    32 Ryon Circle
    Lawrenceville, PA 16929

2.    **NAMES AND ADDRESSES OF DEFENDANT(S) IN THE JUDGMENT**
    (if different from Owner(s) or Reputed Owner(s):

    n/a

3.    **NAME AND LAST KNOWN ADDRESS OF EVERY PERSON WHO HAS A RECORD LIEN ON THE REAL PROPERTY TO BE SOLD** (if address cannot be reasonably ascertained, so state):

    Tioga County Tax Claim Bureau
    Tioga County Courthouse
    118 Main Street
    Wellsboro, Pa 16901

Lawrenceville Borough Municipal Authority
Corner of James and Cherry Streets
Lawrenceville, PA 16929

Commonwealth of Pennsylvania
Bureau of Compliance
Dept. 280946
Harrisburg, PA 17128-0946

S & S Memorial Hospital
P.O. Box 257
c/o Frederick Cerio
Horseheads, NY 14845

4.    **NAME AND ADDRESS OF EVERY OTHER PERSON OF WHOM PLAINTIFF
      HAS KNOWLEDGE WHO HAS ANY INTEREST IN THE PROPERTY WHICH
      MAY BE AFFECTED BY THE SALE** (if address cannot be reasonably
      ascertained, so state):

n/a

I declare under penalty of perjury that the foregoing is true and correct.

                              Respectfully submitted,

                              THOMAS A. MARINO
                              United States Attorney


                              J. JUSTIN BLEWITT, JR.
                              Assistant U.S. Attorney

                              KAREN M. MUSLOSKI
                              Paralegal Specialist



Dated:    September 11, 2002

ALL that tract or parcel of land, situate in the BOROUGH OF LAWRENCEVILLE, County of Tioga and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING at an iron pin in the northerly right-of-way of Ryon Circle, said pin being the southwest corner of Lot Number 42 of said subdivision;

Thence North 83° 31' 47" west along the northerly right-of-way of Ryon Circle, 84.00 feet, more or less, to an iron pin;

Thence North 06° 28' 13" East along the easterly line of Lot Number 44 of said subdivision, 150.00 feet, more or less, to an iron pin in the southerly line of Lot Number 34 of said subdivision;

Thence South 83° 31' 47" East along the southerly line of Lots Number 34 and 35 of said subdivision, 84.00 feet, more or less, to an iron pin in the southerly line of Lot Number 35 of said subdivision;

Thence South 06° 28' 13" West along the westerly line of Lot Number 42 of said subdivision, 150.00 feet, more or less, to the point of beginning.

CONTAINING 0.289 acres of land, more or less.

SUBJECT to all rights-of-way and easements of record.

ALL as more fully shown by a record plat map of survey of "Lawrenceville Heights Subdivision", prepared by Gowdy and Hunt, Surveying and Engineering, dated February 17, 1977, as revised September 22, 1977, as recorded in Tioga County Map File No. 5117, and being Lot No. 43 thereon.

BEING a portion of the same premises conveyed to the Redevelopment Authority of the County of Tioga by Deed from Wallace E. Ryon, et al, dated April 5, 1977, and recorded on May 16, 1977, in Tioga County Deed Book 377 at page 454.

AND, the Grantor covenants that it will warrant specially the property hereby conveyed, and that it will execute such further assurances thereof as may be requisite: Provided, however, that this Deed is made and executed upon and is subject to certain express conditions and covenants, said conditions and covenants being a part of the consideration for the property hereby conveyed and are to be taken and construed as running with the land. The continued existence of the estate hereby created shall depend upon the continued observance of each of the following covenants: SECOND, THIRD and FOURTH. The Grantee hereby binds itself and its heirs, successors and assigns, grantees and lessees, forever to these covenants and conditions which covenants and conditions are as follows:

FIRST: The grantee shall devote the property hereby conveyed only to the uses specified in the applicable provisions of the Urban Renewal Plan or approved modifications thereof;

Exhibit "A"

USA vs. Flynn, Chad E
1: CV-01-0230

SECOND: The Grantee shall pay real estate taxes or assessments on the property hereby conveyed or any part thereof when due and shall not place thereon any encumbrance of lien other than for temporary and permanent financing of construction of the improvements on the property hereby conveyed as provided for in the Construction Plans, and for additional funds, if any, in an amount not to exceed the consideration herein specified, and shall not suffer any levy or attachment to be made or any other encumbrance or lien to attach until the Grantor certifies that all building construction and other physical improvements specified to be done and made by the Grantee have been completed;

THIRD: The Grantee shall commence promptly the construction of the aforesaid improvements on the property hereby conveyed in accordance with the said Construction Plans and shall prosecute diligently the construction of said improvements to completion: Provided, that in any event, construction shall commence within 3 months from the date of this Deed and shall be completed within 12 months from the date of this Deed.

FOURTH:   Until the Grantor certifies that all the aforesaid improvements specified to be done and made by the Grantee have been completed, the Grantee shall have no power to convey the property hereby conveyed or any part thereof without the prior written consent of the Grantor except to a Mortgagee or Trustee under a Mortgage or Deed of Trust permitted by this Deed, and, except as security for obtaining financing permitted by this Deed, there shall be no transfer, and the Grantee shall not permit any transfer, by any party, owning ten percent or more of the stock of the Grantee, of such stock, nor shall there be, or be suffered to be by the Grantee, any other similarly significant change in the ownership of such stock or in the relative distribution thereof, or with respect to the identity of the parties in control of the Grantee or the degree thereof, by any other method or means, including, but not limited to, increased capitalization, merger, corporate or other amendments, issuance of additional or new stock or classification of stock, or otherwise;

FIFTH: The Grantee agrees for itself and any successor in interest not to discriminate upon the basis of race, creed, color, national origin or sex in the sale, lease, or rental or in the use or occupancy of the property hereby conveyed or any part thereof or of any improvements erected or to be erected thereon or any part thereof.

BEING the same premises conveyed by The Redevelopment Authority of the County of Tioga to Edward Fraley by Deed dated February 16, 1978 and recorded February 24, 1978 in Tioga County Deed Book 382 at page 299. Designated on Tioga County Assessment Map as District 20, Plate 1, Section 15, Parcel 43.